**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**CHRISTOPHER EVERETT**                                                    **PLAINTIFF**
**ADC #101234**

**v.**                             **Case No. 3:20-cv-00309-KGB-JTR**

**DYKES, Corporal, NCU,** *et al.*                              **DEFENDANTS**

<u>**ORDER**</u>

Before the Court is a Recommended Disposition submitted by United States Magistrate Judge J. Thomas Ray on May 6, 2021 (Dkt. No. 12).   Plaintiff Christopher Everett filed timely objections (Dkt. No. 28).   After reviewing the Recommended Disposition and Mr. Everett's objections, as well as having conducted a *de novo* review of the record, the Court concludes that the Recommended Disposition should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects.

The Court writes to address Mr. Everett's objections.   In his objections, Mr. Everett makes many of the same arguments made in response to defendants' motion to dismiss, and those same arguments are sufficiently addressed in the Recommended Disposition.   Mr. Everett also argues that, because his complaint survived an initial screening to be served on defendants, his complaint should survive this Federal Rule of Civil Procedure 12(b)(6) motion filed by defendants.   Pursuant to 8 U.S.C. §§ 1915(e)(2)(B)(ii) ) and 1915A(b)(1), a prisoner's complaint should be dismissed on screening if it "fails to state a claim upon which relief may be granted."   This standard is the same standard as is used to determine whether a complaint satisfies the standards of Federal Rule of Civil Procedure 12(b)(6).   *Kane v. Lancaster County Dept. of Corrections*, 960 F.Supp. 219 (D. Neb. 1997).   "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim,

we hold 'a *pro se* complaint, however inartfully pleaded,. . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).   "When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper framework." *Id.* at 544 (quoting *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004)).

The proper framework for consideration after a complaint has been served is for defendants to file a motion to dismiss, raising arguments and legal authorities the Court may not have fully considered on screening.   Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a claim if the plaintiff has failed to state a claim upon which relief can be granted.   A plaintiff must plead "enough facts to state a claim to relief that is *plausible* on its face." *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)(emphasis added).   There is also a "plausibility standard" which "requires a complaint with enough factual matter (taken as true)" to support the conclusion that the plaintiff has a valid claim. *Id.* at 556. The plaintiff's complaint must contain sufficiently specific factual allegations in order to cross the line between "possibility" and "plausibility" of entitlement to relief. *Id.*

There are two "working principles" that apply to Rule 12(b)(6) motions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   First, courts are not required to accept as true legal conclusions "couched as factual allegation[s]" contained in a complaint. *Id.*   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555).   Federal Rule of Civil Procedure 8 "does not unlock the

doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.   Second, the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense," *Id.* at 679 (quoting decision below *Iqbal v. Hasty*, 490 F.3d 143, 157-158 (2d Cir. 2007)).

A reviewing court should begin by identifying statements in the complaint that are conclusory and therefore not entitled to the presumption of truth. *Id.* at 679-680.   Legal conclusions must be supported by factual allegations demonstrating the grounds for a plaintiffs entitlement to relief.  *Id.* at 679; *Twombly*, 550 U.S. at 555; Fed. R. Civ. P. 8(a)(2).   A court should assume the truth only of "well-pleaded factual allegations," and then may proceed to determine whether the allegations "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.   These are the principles guiding the Court's examination of the sufficiency of Mr. Everett's complaint in the light of defendants' motion to dismiss.

These standards do not preclude defendants from filing a well-reasoned and supported motion to dismiss, which this Court grants after considering all arguments from the parties.

Therefore, the Court:

1. Grants the Arkansas Department of Correction defendants' motion to dismiss (Dkt. No. 12).

2. Dismisses without prejudice Mr. Everett's claims against defendants Ward, Dykes, Delgado, Day, Pierce, Faust, and Payne for the reasons set forth in the Recommended Disposition and this Order.

3. Denies as moot all other pending motions in this case.

4. Certifies that, pursuant to 28 U.S.C. 1915(a)(3), an *in forma pauperis* appeal from this

Order would not be taken in in good faith.

It is so ordered this 13th day of September , 2021.

Kristine G. Baker
United States District Judge